Singh v. Garland

BIA
Thompson, IJ
A205 935 828

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand twenty-two.

PRESENT:
   GERARD E. LYNCH,
   RAYMOND J. LOHIER, JR.,
   STEVEN J. MENASHI,
      *Circuit Judges.*

_____

LOVEJEET SINGH,
      *Petitioner,*

v.                                          20-1754
                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:        Jaspreet Singh, Esq., Jackson
                       Heights, NY.

FOR RESPONDENT:        Brian M. Boynton, Acting Assistant
                       Attorney General; Linda S.

Wernery, Assistant Director; Susan Bennett Green, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lovejeet Singh, a native and citizen of India, seeks review of a May 18, 2020, decision of the BIA affirming a June 5, 2018, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Lovejeet Singh*, No. A205 935 828 (B.I.A. May 18, 2020), *aff'g* No. A205 935 828 (Immig. Ct. N.Y. City June 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, and address only the grounds that the BIA relied on. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he

2

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to facts de novo).

Singh alleged past persecution by members of the Congress Party on account of his support for the Shiromani Akali Dal Mann Party ("Mann Party") and his Sikh faith. Because the BIA assumed credibility and past persecution, Singh was entitled to a presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). However, that presumption may be rebutted where a preponderance of the evidence demonstrates that circumstances have fundamentally changed. *Id.* § 1208.13(b)(1)(ii). The changed circumstances must "obviate the risk to life or freedom related to the original claim." *Kone v. Holder*, 596 F.3d 141, 148-49 (2d Cir. 2010). When assessing whether there has been such a change in the country of removal, the IJ should undertake an individualized analysis and consider the most recent U.S. State Department report and other evidence

3

submitted by the applicant. *See Passi v. Mukasey*, 535 F.3d 98, 101–03 (2d Cir. 2008) (remanding based on "cursory treatment" of issue where agency ignored evidence favorable to applicant).

Substantial evidence supports the agency's conclusion that conditions have changed such that Singh no longer has a well-founded fear of persecution from the Congress Party. The 2017 State Department Report for India establishes that the Congress Party is no longer in power nationally and it does not reflect ongoing violence between supporters of the Congress Party and Singh's party. The country conditions evidence otherwise discusses the treatment of opposition political parties in Punjab, which is not Singh's home state, predates the 2014 election, or fails to describe ongoing violence. The evidence indicates there are over 16 million Sikhs living in India and as of 2013, the Sikh population faced "little discrimination" across India. On this record, the agency did not err in finding that Singh no longer had a well-founded fear of future persecution from Congress Party members. *See Kone*, 593 F.3d at 149 (presumption of well-founded fear is rebutted where preponderance of the evidence

4

shows "changed conditions obviate the risk to life or freedom related to the original claim"). The agency did not err in denying asylum, withholding of removal, and CAT protection because all three claims were based on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 115–16, 119–20 (2d Cir. 2010) (holding that where record does not demonstrate chance of persecution required for asylum, it "necessarily fails to demonstrate" the likelihood of harm for withholding of removal and CAT relief). For the same reason, Singh's pattern or practice argument fails. He asserts that he demonstrated a pattern or practice of persecution of similarly situated individuals. However, as discussed above, the more recent country conditions evidence does not reflect persecution of Mann Party members and Sikhs by the Congress Party. To the extent he asserts a pattern or practice of persecution from other groups, as the Government noted, he did not exhaust that claim before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007) (holding that "usually . . . issues not raised to the BIA will not be examined by the reviewing court").

For the foregoing reasons, the petition for review is

DENIED.  All pending motions and applications are DENIED and stays VACATED.

                          FOR THE COURT:
                          Catherine O'Hagan Wolfe,
                          Clerk of Court